IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 4 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01285-OES

CAMERON JENNINGS DODSON,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN, Director, Federal Bureau of Prisons,
MICHAEL NALLEY, Director, Federal Bureau of Prisons, North Central Regional Office, BOP,
MICHAEL JUNK, Correctional Programs Administrator, North Central Regional Office,
H. RIOS, Warden, FCI Florence, CO, and
AUDIE SHERROD, Warden, FCI Englewood, CO,

    Defendants.

---

### ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Cameron Jennings Dodson is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado (FCI Florence). Mr. Dodson has filed *pro se* a civil rights complaint for money damages and injunctive relief. He asserts jurisdiction pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993). He also asserts jurisdiction pursuant to 5 U.S.C. § 702 (1996), although he fails to explain the factual basis for asserting jurisdiction pursuant to each of these statutes.

The Court must construe the complaint liberally because Mr. Dodson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Dodson will be ordered to file an amended complaint and to show cause why the complaint should not be dismissed for failure to exhaust the BOP's three-step administrative grievance procedure.

Mr. Dodson alleges that he has been targeted and assaulted by a Mexican gang, known as the Aryan Brotherhood. He further alleges that on February 23, 2005, he provided information about an officer who was smuggling drugs into the Federal Correctional Institution in Englewood, Colorado. He asserts that on February 25, 2005, he was transferred to FCI Florence for his own safety and informed that he would be transferred to a state prison in Washington in exchange for his cooperation. On June 20, 2005, he was informed that he was going to be transferred instead to the United States Penitentiary in Terre Haute, Indiana, a facility he contends erroneously is labeled as "gang free" and at which he allegedly had been targeted for assault or murder by the Aryan Brotherhood. Complaint at 3. He contends that he has written letters to various defendants expressing concern for his safety and inquiring as to the status of his transfer to Terre Haute, but that only the defendant Mike Junk corresponded with him, stating that he would be transferred to the most appropriate facility.

Mr. Dodson may not sue the Federal Bureau of Prisons. Federal officials may be sued for constitutional deprivations pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, the United States may not be sued directly under the Constitution pursuant to *Bivens*. *McCollum*

*v. Bolger*, 794 F.2d 602, 608 (11th Cir. 1986), *cert. denied*, 479 U.S. 1034 (1987); *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir.), *cert. denied*, 459 U.S. 832 (1982); *Norton v. United States*, 581 F.2d 390, 393 (4th Cir.), *cert. denied*, 439 U.S. 1003 (1978).

Mr. Dodson must allege each defendant's personal participation in the asserted constitution violations. He fails to allege facts that demonstrate how each defendant personally participated in the asserted violation of his rights. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Dodson must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, Mr. Dodson alleges that he has failed to exhaust BOP administrative remedies as to his asserted claims "because of the futility of such action, and because plaintiff[']s life is in immediate danger due to a transfer that is pending now." Complaint at 4. As proof of his efforts to exhaust, he attaches to the complaint a copy of his administrative remedy rejection notice stating "the issue you raised is not sensitive. . . . You should file a request or appeal at the appropriate level via regular procedures."

3

Complaint at exh. 2.

Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Dodson is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Dodson must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

The BOP administrative remedy program is available to federal prisoners such as Mr. Dodson. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program allows inmates to "seek formal review of an issue which relates to any aspect of their confinement, . . . if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. To exhaust administrative remedies, a federal prisoner must attempt to resolve the matter informally and then complete all three formal steps by filing an

administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15. Therefore, Mr. Dodson also will be directed to show cause why the complaint should not be dismissed for failure to exhaust the BOP's three-step administrative remedy procedure.

Finally, Mr. Dodson is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Dodson should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Dodson file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order and that shows cause why the complaint should not be dismissed for failure to exhaust the Bureau of Prisons' three-step administrative remedy procedure. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Dodson, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Dodson submit sufficient copies of the amended

complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Dodson fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 4 day of October, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01285-OES

Cameron J. Dodson
Reg. No. 06922-085
FCI-Tucson
S. 8901 Wilmot Rd
Tucson, AZ 85706

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/4/05

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk